UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERALD OSCAR WICKS,

        Petitioner,                  Case No. 2:07-cv-129

v.                                    Honorable Robert Holmes Bell

MICHIGAN PAROLE BOARD,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Jerald Oscar Wicks filed this petition for writ of habeas corpus challenging the December 13, 2006, denial of parole. Petitioner is presently incarcerated at the G. Robert Cotton Correctional Facility and is serving a 15 to 30 year sentence as a result of a 1992 first-degree criminal sexual conduct conviction.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434,

436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the undersigned recommends that Petitioner's application for habeas corpus be denied in part.

Petitioner states that on September 28, 2006, a Parole Eligibility Report (PER) was completed by C. McQueary. Petitioner complained that the PER was incomplete because it only listed seven out of twenty-two completed programs and failed to include two letters on Petitioner's behalf by the institutional psychologist. McQueary told Petitioner that he could take the list of completed programs and the psychologist's letters to the parole hearing and give them to the board members. Petitioner's parole hearing occurred on November 28, 2006 and he received a 24-month continuance on December 13, 2006.

Petitioner contends that the Parole Board did not base its decision on substantial and compelling reasons, that the decision was based on an incomplete and inaccurate PER, and that the Parole Board members who interviewed Petitioner were part of a prior lawsuit, in which Petitioner had the Parole Board's decision overturned and remanded for a new hearing and subsequent contempt proceedings. Petitioner states that Parole Board Member Braddock voted for a 12-month continuance and Parole Board Member Boer voted for a "not fixed date" before the contempt proceedings, but changed their votes to a 24-month continuance on December 13, 2006, which shows that they retaliated against him. Petitioner asserts that this conduct violated his Fourteenth Amendment due process rights.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). However, under recent statutory and rule amendments by the Michigan Legislature and Michigan Supreme Court, respectively, a prisoner no longer has an ability to appeal a parole denial

under state law. The former version of MCL 791.234(8) provided that the grant or denial of parole by the Michigan Parole Board could be appealed to the circuit court by the prisoner, prosecutor or victim. *See* MCL 791.234(8) (West. 1999). The new version eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be appealed by the prosecutor or the victim. *See* MCL 791.234(9) (as amended by 1999 Mich. Pub. Acts 191). The legislation was approved on November 24, 1999. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* M.C.R. 7.104(D)(1), (2)(a). Consequently, because state law prohibits a prisoner from appealing a parole denial, Petitioner has no available state court remedy in which to exhaust his claims.

As noted above, Petitioner is claiming that the actions of the Parole Board violated his right to procedural due process. However, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979); *see also Board of Pardons v. Allen*, 482 U.S. 369, 373, 107 S. Ct. 2415, 2418 (1987) (the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release). An inmate's interest in the mere possibility of parole is not protected by due process. *Greenholtz*, 442 U.S. at 10-11; *Wagner v. Gilligan*, 609 F.2d 866, 867 (1979). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Where a state's parole statute is purely discretionary and does not mandate a presumption of release, there is no protected statutory entitlement to parole on which a due process

claim could be grounded. *Greenholtz*, 442 U.S. at 9-11; *Wagner*, 609 F.2d at 867. The Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1158 (1995). In unpublished decisions, the Sixth Circuit also has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995), *cert. denied*, 522 U.S. 1057 (1998); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Petitioner has no liberty interest at stake. Because Petitioner has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

As noted above, Petitioner also claims that two of the voting parole board members changed their votes after Petitioner filed a lawsuit against them. Petitioner claims that this constituted retaliation in violation of his First Amendment rights. The undersigned concludes that this claim may not be dismissed upon initial review. Therefore, the undersigned recommends that Respondent be served with regard to Petitioner's First Amendment claim.

In summary, the undersigned concludes that Petitioner's due process claim is without merit but that his First Amendment retaliation claim may not be dismissed at this time.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 15, 2007