UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERALD WICKS,

    Petitioner,

v.                                                         Case No. 2:07-cv-129
                                                          HON. ROBERT HOLMES BELL

MICHIGAN PAROLE BOARD,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner filed this petition for writ of habeas corpus challenging the validity of his convictions for breaking and entering and first degree criminal sexual conduct. Petitioner was convicted and sentenced to 4 to 15 years on the breaking and entering conviction and 15 to 30 years on the first degree criminal sexual conduct conviction. Petitioner maintains that his convictions were obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

        Petitioner states that on September 28, 2006, a Parole Eligibility Report (PER) was completed by C. McQueary. Petitioner complained that the PER was incomplete because it only listed seven out of 22 completed programs and failed to include two letters on petitioner's behalf by

the institutional psychologist. McQueary told petitioner that he could take the list of completed programs and the psychologist's letters to the parole hearing and give them to the board members. Petitioner's parole hearing occurred on November 28, 2006 and he received a 24 month continuance on December 13, 2006.

Petitioner contends that the Parole Board did not base its decision on substantial and compelling reasons and that the decision was based on an incomplete and inaccurate PER. Plaintiff states that the Parole Board members who interviewed petitioner were part of a prior lawsuit where petitioner successfully had the Parole Board's decision overturned and remanded for a new hearing and contempt proceedings. Petitioner states that Parole Board Member Braddock voted for a 12 month continuance and Parole Board Member DeBoer voted for a "not fixed date" before the contempt proceedings, but changed their votes to a 24 month continuance on December 13, 2006, which shows that they retaliated against him. Petitioner's due process claims have been dismissed by this court. Petitioner's remaining claim is for retaliation.

Petitioner was considered for parole in January 2005. Parole was denied on February 1, 2005. Michigan Parole Board members John Rubitschun and James Quinlan voted to continue petitioner's incarceration for 24 months. Member Charles E. Braddock voted to continue incarceration for a 12 month period. The Parole Board agreed to give petitioner a new interview after determining that the board had considered inaccurate information. Petitioner was interviewed the week of July 25, 2005. Petitioner had filed a state court action, and on July 21, 2005, the court ordered a new parole interview. On August 25, 2005, the Parole Board issued a Notice and Decision of Parole denying parole. Member Stephen DeBoer voted to parole petitioner for a 24 month period. Members Charles Braddock and John Rubitschun voted to deny parole and continue petitioner's

incarceration for a 24 month period. On December 13, 2006, after a November interview, the Parole Board denied parole and continued petitioner's incarceration for a 24 month period. Members Stephen DeBoer and Charles E. Braddock voted to deny parole and continue petitioner's incarceration for a 24 month period

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

After petitioner filed his state court lawsuit, he received a second parole board hearing. Member DeBoer voted to parole petitioner. Member Braddock voted to continue petitioner's incarceration for a 24 month period. Initially, member Braddock voted to continue petitioner's incarceration for a 12 month period. The result of the second parole board hearing was identical to the hearing which took place before the lawsuit was filed. Petitioner received a 24 month continuance of his incarceration. Petitioner asserts that he received another parole board hearing in 2007, which also resulted in a 24 month continuance of his incarceration. In the opinion of the undersigned, petitioner cannot establish that the vote of any parole board member was taken because petitioner had filed a state court lawsuit, or that an ordinary person would be deterred by a

24 month continuance of incarceration to file a new lawsuit if that person believed his rights were violated. Although petitioner claims that he was retaliated against, the result of the parole board hearing was identical in each instance and petitioner never would have been paroled even if member Braddock voted for a 12 month continuance in August 2005, like he did earlier in 2005. Petitioner did receive a parole hearing in 2006, which resulted in a continuance of his incarceration for another 24 months. The records show that petitioner did receive another Parole Board interview in 2007, which resulted in a 24 month continuance of his incarceration, with a reconsideration date in 2009.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: December 23, 2009